IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NOEMIE HAEFELI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABERCROMBIE & FITCH CO.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Noemie Haefeli ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Abercrombie & Fitch Co. ("Abercrombie" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE CASE

1. This is a class action on behalf of all persons that purchased tangible goods from Defendant's internet website for delivery in the State of Florida.

2. Under Florida law, the cost of shipping and handling for purchases is exempt from sales tax where: (1) "the charge is separately stated on an invoice or bill of sale; and (2) "the charge can be avoided by a decision or action solely on the part of the purchaser." *See* 12 FL ADC 12A-1.045(1),(4).

3. For example, if a company's policy is to "allow customers to elect whether to pick up" the property from the store for free or to pay a "delivery fee," that delivery fee is sales tax-exempt as long as it is separately stated on the invoice or bill of sale. *Id.*

4. Defendant illegally and erroneously charges tax monies on the shipping and

1

handling fees on products purchased from Defendant's internet website and shipped to consumers in the State of Florida, even though customers are given the option to pick up the goods in-person, resulting in the overcollection of monies from Florida consumers.

5. Plaintiff brings this action on behalf of herself and a proposed class of persons who purchased goods from Defendant through its internet website for shipment in the State of Florida.

## PARTIES

6. At all relevant times, Plaintiff was and is a Florida citizen residing in Miami, Florida.

7. On June 8, 2023, Plaintiff purchased: one (1) Women's Ponte Split-Hem Slim Flare Pant for $12.72 to be delivered to 11337 SW 74th Ter., Miami, FL 33173. Orders from Defendant's internet website may, at the customer's option, be picked up at a brick-and-mortar store or may be delivered to the customer for an additional fee.

8. According to the Florida Department of Revenue, the applicable sales tax rate for sales of products that are shipped by Defendant for delivery to 11337 SW 74th Ter., Miami, FL 33173 is 7%.

9. Under Florida law, Defendant was only permitted to charge approximately $0.89 in sales tax, which amounted to 7% of the $12.72 price of product.

10. Instead, Defendant charged $1.38 in sales tax¸ which amounted to 7% of the $12.72 price of product + $7.00 separately stated shipping and handling fee, resulting in the overcollection of monies.

11. Defendant Abercrombie is a Delaware corporation and has its principal place of business in New Albany, Ohio.

**JURISDICTION AND VENUE**

12. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

13. This Court has personal jurisdiction over Defendant because the wrongful conduct occurred in this District.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**CLASS ALLEGATIONS**

15. Plaintiff seeks to represent a class defined as all persons who purchased a product from Defendant through Defendant's internet website had the product delivered by Defendant to an address in the State of Florida; and paid a shipping and/or handling fee for the order (the "Class"). Excluded from the Class are governmental entities, Defendant, Defendant's affiliates, parents, subsidiaries, employees, officers, directors, and co-conspirators, and anyone who purchased the Products for resale. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

16. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

17. **Numerosity.** The members of the Class are geographically dispersed throughout the state of Florida and are so numerous that individual joinder is impracticable. Upon

information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

18. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Defendant is permitted to collect sales tax on separately stated shipping and handling fees that are avoidable at the option of the consumer by picking up the good in person;

(b) Whether customers were and continue to be charged sales tax on separately stated shipping and handling fees that could have been avoided at the option of the consumer;

(c) Whether Defendant charging or collecting, or participating in the charging and collection, of sales tax on separately stated and avoidable shipping and handling fees is a deceptive and unfair practice;

(d) Whether Defendant's customers were damaged due to Defendant's unlawful tax practices;

(e) Whether Defendant should, under Florida law, be required to return "tax" monies to Plaintiff and the Class;

(f) Whether Defendant is liable to Plaintiff and the Class for unjust enrichment; and

  (g)  Whether Defendant was negligent by charging and collecting sales tax on separately stated and avoidable delivery fees.

 19.  **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

 20.  **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

 21.  **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

22. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Negligence

23. Defendant owed Plaintiff, and all others similarly situated, a duty to exercise reasonable care to determine, represent, and charge the correct amount of sales tax on goods delivered to its customers.

24. Defendant was negligent and breached its duty of reasonable care by:

(a) Charging and collecting sales tax on separately stated and avoidable shipping and handling fees and failing to halt the practice;

(b) Failing to research the taxability of shipping and handling fees in Florida, concluding that separately stated and avoidable shipping and handling fees were taxable;

(c) Misrepresenting to customers in Florida that sales tax was lawfully due on shipping and handling fees when the customer had the option to avoid the fee by

    picking up the good in person; and

  (d) Determining that shipping and handling fees were taxable on the transactions at issue.

25.  As a direct and proximate result of Defendant's negligence, Plaintiff, and all others similarly situated, paid sales tax on non-taxable services; namely, the separately stated shipping and handling fee.

26.  Due to Defendant's negligence, Plaintiff seeks damages, an order enjoining Defendant from the unlawful practices described above, reasonable attorneys' fees and any other relief the Court deems proper.

## COUNT II
**Violation of the Florida Deceptive And Unfair Trade Practices Act ("FDUTPA")**
**(Fla. Stat. § 501.204)**

27.  Defendant committed an unfair or deceptive practice by charging and collecting sales tax on separately stated and avoidable shipping and handling fees from customers on its Internet website.

28.  Defendant represented that the sales tax charged on the separately stated and avoidable shipping and handling fees was a sales tax that was owed under Florida law. Defendant failed to disclose that any portion of the sales tax charged was applied to the shipping and handling fee and failed to disclose that the shipping and handling fee was not taxable under Florida law.

29.  As a result of Defendant's deceptive or unfair practice, Plaintiff, and all others similarly situated, paid sales tax on shipping and handling fees that were not lawfully owed and were damaged as a result of Defendant's practice.

30.  Due to Defendant's violations of FDUTPA, Plaintiff seeks damages, an order

7

enjoining Defendant from the unlawful practices described above, reasonable attorneys' fees and any other relief the Court deems proper under FDUTPA.

### COUNT III
### Unjust Enrichment

31.     Defendant charged and collected a higher tax rate than the correct applicable sales tax rate on sales of products from Defendant's internet website because the transactions included separately stated shipping and handling fee, when Plaintiff and Class Members had the option of picking up the products in person.

32.     Defendant has been unjustly enriched in that it received and retained the benefit of funds to which it was not entitled and received in violation of Florida law.

33.     Said funds were conferred on Defendant by Plaintiff and the Class members under a mistake of fact due to Defendant's misrepresentations, and unlawfully obtained to the detriment of Plaintiff and the Class members.

34.     Defendant's retention of these funds is unjust because Defendant misrepresented the amount of tax due for the provision of its goods and services, and collected more tax than allowed under Florida law.

35.     Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

36.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class for their unjust enrichment, as ordered by the Court.

### COUNT IV
### Money Had and Received

37.     Defendant has received money from Plaintiff and the Class by charging sales tax

on separately stated shipping and handling fees that could have been avoided at the option of the consumer in all transactions with consumers on its Internet website, which in equity and good conscience ought to be returned to Plaintiff and the Class.

38. Defendant owes Plaintiff and members of the Class for money had and received, including, but not limited to, the monies that Plaintiff and the Class were charged at a higher tax rate than the correct applicable use tax rate on the sales at issue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For an order directing Defendant to cease the illegal actions detailed herein; and

(g) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 26, 2023                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Stephen A. Beck*
        Stephen A. Beck

Stephen A. Beck (State Bar No. 1010183)
Jonathan L. Wolloch (State Bar No. 1039105)
701 Brickell Ave., Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email:  sbeck@bursor.com
            jwolloch@bursor.com

*Counsel for Plaintiff*